UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>                    Plaintiff,<br><br>          -v.-<br><br>JOHN DOE,<br><br>                    Defendant. | 20 Civ. 10736 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

The complaint in this matter was filed on December 20, 2020. (Dkt. #1). The Court is in receipt of Plaintiff's December 28, 2020 motion for leave to serve a third party subpoena (Dkt. #6), and Plaintiff's supporting memorandum of law and declarations (Dkt. #7). Plaintiff's motion seeks leave to serve a third-party subpoena on Defendant John Doe's Internet Service Provider, Verizon Fios (the "ISP"), in advance of a Federal Rule of Civil Procedure 26(f) conference.

The Court concludes that Plaintiff has satisfied the requirements for leave to serve a third-party subpoena on an expedited basis. (*See* Dkt. #7 ("Pl. Mem.") at 5-9). In particular, the Court is satisfied that, without this discovery, Plaintiff will not be able to ascertain the identity of John Doe or to effect service on him. Absent a court-ordered subpoena, the ISP, which qualifies as a "cable operator" for purposes of 47 U.S.C. § 522(5), is effectively prohibited by 47 U.S.C. § 551(c) from disclosing John Doe's identity to Plaintiff. *See Digital Sin, Inc.* v. *Does 1-176,* 279 F.R.D. 239, 241-42 (S.D.N.Y. 2012) ("Indeed, in all of the opinions and rulings in similar cases around the country, the Court has

found no indication that the plaintiffs have any reasonable alternative to these subpoenas to obtain the identities of the alleged infringers."). Accordingly, Plaintiff's motion for leave to file a third-party subpoena on the ISP in order to obtain Defendant's name and address is GRANTED. Plaintiff is *not* permitted to subpoena the ISP for Defendant's email address or telephone number.

The Court also concludes that there are substantial concerns related to Defendant's privacy given both the nature of the copyrighted material at issue and the risk of a false identification by Defendant's ISP. *See Digital Sin, Inc.* v. *Does 1-27*, No. 12 Civ. 3873 (JMF), 2012 WL 2036035, at *3 (S.D.N.Y. June 6, 2012); *Malibu Media, LLC* v. *Does 1-5*, No. 12 Civ. 2950 (JPO), 2012 WL 2001968, at *1-2 (S.D.N.Y. June 1, 2012).

Plaintiff does not oppose allowing Defendant to proceed anonymously. (Pl. Mem. 9). Accordingly, it is ORDERED that Defendant may proceed anonymously as John Doe unless and until the Court orders otherwise. In addition, Plaintiff states in its memorandum that it has a policy of not seeking settlements unless initiated by a defendant or a defendant's counsel, and does not send demand letter. (*Id.* at 3). It is therefore further ORDERED that Plaintiff shall not initiate settlement discussions or send any demand letter to Defendant. Nevertheless, if Defendant initiates such discussions, Plaintiff is permitted to participate therein and to settle the case.

It is further ORDERED that the ISP shall have 60 days, from the date of service of the Rule 45 subpoena upon it, to serve upon Defendant a copy of the subpoena, a copy of this Order, and a copy of the "Notice to Defendant,"

attached hereto as Exhibit A.  The Order should be attached to the "Notice to Defendant" such that the "Notice to Defendant" is the first page of the materials enclosed with the subpoena.  The ISP may serve Defendant using any reasonable means, including written notice sent to his or her last known address, transmitted either by first class mail or via overnight service.

It is further ORDERED that Defendant shall have 60 days from the date of service of the Rule 45 subpoena and this Order upon him to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena).  The ISP may not turn over Defendant's identifying information to Plaintiff before the expiration of this 60-day period.  Additionally, if Defendant or the ISP files a motion to quash or modify the subpoena, the ISP may not turn over any information to Plaintiff until the issues have been addressed and the Court issues an order instructing the ISP to resume in turning over the requested discovery.

It is further ORDERED that the subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.

It is further ORDERED that the ISP receiving a subpoena pursuant to this Order shall confer with Plaintiff, and shall not assess any charge in advance of providing the information requested in the subpoena.  An ISP that receives a subpoena and elects to charge for the costs of production shall provide Plaintiff with a billing summary and cost report.

It is further ORDERED that any information ultimately disclosed to Plaintiff in response to a Rule 45 subpoena may be used solely for the purpose of protecting Plaintiff's rights as set forth in its Complaint.

The Clerk of the Court is directed to terminate the motion at Docket Entry 6.

SO ORDERED.

Dated:   December 29, 2020
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

# EXHIBIT A

# Notice To Defendant

1. You are a defendant in *Strike 3 Holdings, LLC* v. *John Doe*, No. 20 Civ. 10736 (KPF), a case now pending before the Honorable Katherine Polk Failla, United States District Judge for the Southern District of New York.

    Attached is Judge Failla's Order, dated December 29, 2020, setting forth certain deadlines and procedures related to this case.

    You may hire a lawyer to represent you in this case or you may proceed *pro se* (that is, you may represent yourself without the assistance of a lawyer). If you choose to proceed *pro se*, all communications with the Court should be through the *Pro Se* Office of the United States District Court for the Southern District of New York. The *Pro Se* Office is located in Room 200 of the United States Courthouse, 500 Pearl Street, New York, N.Y. 10007, and may be reached at (212) 805-0175.

2. The plaintiff in this case has filed a lawsuit claiming that you have illegally downloaded and/or distributed copyrighted material on your computer.

3. The plaintiff may not know your actual name or address, but it does know the Internet Protocol address ("IP address") of the computer associated with the alleged downloading and/or distributing.

    The plaintiff has filed subpoenas requesting your identity and contact information from your Internet Service Provider ("ISP").

    If you do not want your ISP to provide this information to the plaintiff and you believe there is a legal basis for the ISP to withhold the information, you may file a motion to "quash" or "modify" the subpoena. This must be done within 60 days of the date that you receive notice from your ISP that you are a defendant in this case.

    If you move to quash the subpoena or otherwise move to prevent your name from being turned over to the plaintiff, you may proceed anonymously at this time. Nevertheless, if you are representing yourself, you will have to complete an information card that you can obtain from the *Pro Se* Office of the Court. This information is solely for use by the Court and the Court will not provide this information to lawyers for the plaintiff unless and until it determines there is no basis to withhold it. The Court requires this information so that it may communicate with you regarding the case.

2

Even if you do not file a motion to quash or modify the subpoena, you may still proceed in this case anonymously at this time.  This means that the Court and the plaintiff will know your identity and contact information, but your identity will not be made public unless and until the Court determines there is no basis to withhold it.

If you want to proceed anonymously without filing a motion to quash or modify the subpoena, you (or, if represented, your lawyer) should provide a letter stating that you would like to proceed anonymously in your case.  This must be done within 60 days of the date that you receive notice from your ISP that you are a defendant in this case.  You should identify yourself in your letter by the case in which you are a defendant and your IP address.  If you submit this letter, then your identity and contact information will not be revealed to the public unless and until the Court says otherwise.